IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOANN YOUNG, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CIV-05-1239-R |
| | ) |
| JO ANNE B. BARNHART, | ) |
| | ) |
|     Defendant. | ) |

## O R D E R

Before the Court are the Report and Recommendation of United States Magistrate Judge Doyle W. Argo entered August 9, 2006 [Doc. No. 37] and Plaintiff's Objection to the Report and Recommendation [Doc. No. 38] filed August 15, 2006. The Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objection.

Plaintiff objects to the entire Report and Recommendation, asserting that U.S. Magistrate Judge Argo appears to be biased against the Plaintiff and has failed to perform the duties of an impartial judge. Plaintiff states that she asked the Court to preclude the Magistrate Judge from hearing her case. As purported evidence of bias by the Magistrate Judge against Plaintiff, Plaintiff states that the Magistrate Judge faulted Plaintiff for pointing out one blood pressure reading of 170 but saw nothing wrong with the administrative law judge (ALJ) pointing out one moderate blood pressure measurement of 140, citing the Report and Recommendation at p. 7. Plaintiff asserts as further evidence of the Magistrate Judge's bias his statement that the ALJ did not have to undertake a factor-by-factor analysis and discuss every piece of evidence in the record in assessing Plaintiff's credibility, while he


apparently expected Plaintiff to function as a medical doctor in providing greater specificity about her impairments, citing pp. 9 & 7 of the Report and Recommendation. Plaintiff is also critical of the Magistrate Judge for repeating the ALJ's statements concerning Plaintiff's abilities to lift, walk and sit during a workday, which Plaintiff suggests is contrary to Social Security Form SSA-3368-BK (11-2001) EF (11-2001) at Section 3 at page 69 of Administrative Record. Plaintiff asserts that the Magistrate Judge "perjured his Report and Recommendation" when he said that the vocational expert (VE) stated that Plaintiff could perform her past relevant work as a telemarketer, data entry worker and hand packager because the VE testified that due to Plaintiff's anxiety and discomfort in dealing with the public, she would disqualify Plaintiff from all of her past work except that of food packager or assembly line worker. In this regard, Plaintiff also points out that Plaintiff testified at the hearing before the ALJ that her blood disorder and arthritis would prevent her from obtaining and maintaining work as a food packer assembly line worker.

In addition to the foregoing objections, Plaintiff complains that the ALJ libeled her by stating in his Decision that the Plaintiff stopped drinking alcohol in 2003 and that the Magistrate Judge repeated the libelous statement. Plaintiff asserts that the allegedly libelous statement was made to induce the Court to assume that Plaintiff's medical and/or mental problems are due to alcohol use.

Finally, Plaintiff states that only she can inform others of the discomfort she experiences in her own body.

The Court has carefully reviewed the Report and Recommendation in light of Plaintiff's Objections and the entire record. The ALJ did make a mistake in stating that the Plaintiff testified that she stopped drinking in 2003. Hearing Decision at p. 4 (A.R. at 16). Plaintiff testified that she stopped drinking "[b]ack in the '90s." A.R. at 579. However much the ALJ's mistake has upset the Plaintiff, when Plaintiff stopped drinking was not material to the ALJ's decision, to the Report and Recommendation nor to this Court's review. The Court does not infer that any of Plaintiff's medical or mental problems are due to alcohol use, regardless of when Plaintiff stopped drinking.

There is nothing in the Report and Recommendation to suggest that the Magistrate Judge was biased against the Plaintiff. The Magistrate Judge simply pointed out that one high blood pressure reading that Plaintiff cited did not make the ALJ's implicit finding that Plaintiff's hypertension was not a severe impairment, see Findings at p. 5, ¶¶ 3 & 4, erroneous or without substantial support in the record given other blood pressure readings in the record which were lower than that cited by the ALJ in his decision. See Report and Recommendation at p. 7.

Plaintiff did file a pleading in which she stated that she did not consent to have a Magistrate Judge "decide [her] case or to conduct any further proceedings" [Doc. No. 29] and a "Demand for Right to Jury Trial" [Doc. No. 30]. However, this matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), not pursuant to 28 U.S.C. § 636(c)(1), under which the final determination remains with this Court, *see Mathews v. Weber*, 423 U.S. 261, 266-72, 96 S.Ct. 549, 46 L.Ed.2d 483, 489-92 (1976), and for which

reference consent of the parties is not required. *Collins v. Foreman*, 729 F.2d 108, 116 (2nd Cir. 1984) ("Litigant consent, however, is not a necessary condition for section 636(b)(1)(B) references – as it is for Section 636(c) references . . . ."), *cert. denied*, 469 U.S. 870, 105 S.Ct. 218, 83 L.Ed.2d 148 (1984).  Plaintiff's right to review in this case is set out in 42 U.S.C. § 405(g); there is no right to a trial by jury in this type of case. *Ross v. Chater*, 930 F.Supp. 1452 (D. Kan. 1996) (citing *Ginter v. Secretary of Department of Health, Education and Welfare*, 621 F.2d 313 (10th Cir. 1980)).

The Magistrate Judge's statement that the ALJ "is . . . not required to undertake a factor-by-factor analysis and discuss every piece of evidence in the record," Report and Recommendation at p. 9, cannot evidence bias; the statement merely paraphrases what the Tenth Circuit said in *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

The Magistrate Judge did not err in quoting the ALJ's findings as to Plaintiff's RFC and the information contained in Section 3 of Form SSA-3366-BK (11-2001) EF (11-2001), *see* A.R. at 68, about how much stooping, walking, standing and sitting Plaintiff did in a job in which she reported she was employed from 10/87 to 06/96, is not even relevant to the ALJ's RFC determination.

The ALJ posed *two* hypothetical questions to the VE, with the second hypothetical including the same exertional levels as the first hypothetical but with severe rather than moderate nonexertional limitations. *See* Tr. at pp. 41-42 (A.R. at 589-90).  However, the ALJ ultimately found that Plaintiff "would . . . experience some mild to moderate discomfort and anxiety and mild difficulty in dealing with the public," Hearing Decision at p. 5 (A.R.

at 17), ¶ 6, and hence that Plaintiff could perform her past relevant work of telemarketer, data entry worker, and hand packager. *See id.* at ¶¶ 7-8. Thus, the ALJ's second hypothetical and the VE's response are not relevant and the Magistrate Judge did not misstate the evidence on which the ALJ relied.

The ALJ properly assessed Plaintiff's subjective complaints of pain. The Magistrate Judge applied the correct legal standards and in this Court's opinion, correctly concluded that the ALJ's credibility determination was supported by substantial evidence.

In accordance with the foregoing, Plaintiff's Objection to the Report and Recommendation is without merit; the Report and Recommendation [Doc. No. 37] is ADOPTED in its entirety; and the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for disability insurance benefits is AFFIRMED.

It is so ordered this 18th day of August, 2006.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE